```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ARTHUR D'AMARIO, III, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 00-2400 (JBS) |
| v. | |
| WARDEN NANCY BAILEY, | **MEMORANDUM OPINION** |
| Respondent. | |

**SIMANDLE**, District Judge:

This matter is before the Court on Petitioner's motion for relief under Rule 60(b)(6), Fed. R. Civ. P. [Docket Item 83.] The Court finds as follows:

1. On March 10, 2000, Petitioner, Arthur D'Amario, was sentenced to 18 months of incarceration for unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1). The Federal Bureau of Prisons assigned him to FCI Fort Dix, a federal prison within this Court's vicinage. On May 15, 2000, Petitioner filed a petition for habeas corpus in this Court pursuant to 28 U.S.C. § 2241. In this petition he argued that the Bureau refused to credit the time he had spent in jail to his federal sentence even though the sentencing judge had recommended this credit. [Docket Item 1.] On July 25, 2000, the Honorable Judge Joseph Irenas denied this petition because he determined that the Bureau correctly interpreted the relevant statute. [Docket Item 8]. As the Third Circuit Court of Appeals explained in one of

Petitioner's many appeals:

> Because almost all of the time that D'Amario had spent in custody following his arrest had already been credited against his state sentence, the BOP declined under 18 U.S.C. § 3585(b) to credit any of that time against his federal felon-in-possession sentence. Under that provision, time spent in custody before sentencing may be credited against a sentence if, among other things, that time has not been credited against another sentence.

United States v. D'Amario, 350 F.3d 348, 351 (3d Cir. 2003) (internal quotation omitted).

2. In the intervening decade, and even though his sentence has long since been completed, Petitioner has filed numerous post-judgment motions attempting to undo Judge Irenas's decision regarding the calculation of his sentence.[1] In his present motion, styled as a motion pursuant to Rule 60(b)(6), he "seeks an order directing the BOP to adjust his jail credit." (Pet.'s Br., 1.) In support of his motion, Petitioner points to several district court cases from other districts and a decision of the Eleventh Circuit that he believes contradict Judge Irenas's ruling regarding the proper interpretation of 18 U.S.C. § 3585(b).

3. The Court does not reach the dubious merits of Petitioner's motion, because this Court lacks jurisdiction to direct the BOP to adjust Petitioner's jail credit. Petitioner

---

[1] This docket was reassigned to the undersigned by Order filed July 19, 2006 [Docket Item 79].

satisfied the federal sentence he seeks to challenge in this motion on May 24, 2001.  The Constitution limits this Court's jurisdiction to requests for relief that would redress some injury.  <u>Allen v. Wright</u>, 468 U.S. 737, 751 (1984).  Unlike a habeas action that seeks to invalidate an entire conviction, which provides a petitioner Article III standing even if the petitioner has been released because of the collateral consequences of a criminal conviction, <u>Carafas v. LaVallee</u>, 391 U.S. 234, 237 (1968), the Court's invalidation of a portion of an otherwise lawful sentence that has already been served does not redress any injury, and so there is no case or controversy to adjudicate.  See <u>North Carolina v. Rice</u>, 404 U.S. 244 (1971) ("Nullification of a conviction may have important benefits for a defendant . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."); <u>Yost v. Carroll</u>, 385 F. Supp. 2d 468, 470 (D. Del. 2005).

    4.  Additionally, the Court's authority to review the legality of the calculation of Petitioner's sentence is set forth in 28 U.S.C. § 2241, which requires him to be "in custody."  § 2241(c).  In <u>Maleng v. Cook</u>, 490 U.S. 488 (1989), the Supreme Court held that once a sentence has been served, the petitioner is not "in custody" for purposes of attacking that conviction in a habeas petition.  <u>Id.</u> at 491-92

    5.  Petitioner points out that under <u>Garlotte v. Fordice</u>,

3

515 U.S. 39, 45-46 (1995), a prisoner held on consecutive sentences may challenge any of the aggregate sentences because even if one discrete part has been served, invalidation of a part may reduce the duration of the whole.  This is true, and the service of any such sentence therefore provides both Article III standing and statutory eligibility for habeas relief during the period of incarceration for such consecutive sentences.  But Petitioner satisfied his own such consecutive sentences on February 10, 2006.  Petitioner is presently confined in a federal facility, but it is on the basis of a sentence that is wholly independent from the one he seeks to challenge.  See Maleng, 490 U.S. at 491-92 (explaining independence of sentences, even where the sentence has been enhanced because of prior convictions).  Petitioner was "in custody" when the original § 2241 petition was filed, and during his subsequent consecutive sentences.  But he is no longer "in custody" for the purposes a new habeas petition; awarding him jail credit on his previous federal sentence would not affect the duration of Petitioner's current confinement, and therefore the Court does not have statutory jurisdiction to issue such a ruling.  See Sweet v. McNeil, 345 Fed. App'x 480, 482 (11th Cir. 2009); De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).

6.  Petitioner's only other response to this mootness problem involves his desire to bring a § 1983 claim, which he

contends gives this Court jurisdiction to hear a habeas petition because his civil rights claim requires a habeas ruling on his allegedly improperly overlong sentence in order to overcome the bar to such actions identified in Heck v. Humphrey, 512 U.S. 477 (1994).  This is similar to a position that had been adopted by some circuits and rejected by others.  See Leonard v. Nix, 55 F.3d 370, 373 (8th Cir. 1995); Sule v. Warden, ADX Florence Colorado, 133 F.3d 933 (10th Cir. 1998).  But see McClendon v. Trigg, 79 F.3d 557, 558 (7th Cir. 1996).  However, the Supreme Court has subsequently rejected this approach in Spencer v. Kemna, 523 U.S. 1, 17 (1998).  The Court concluded that this argument was "a great non sequitur, unless one believes (as we do not) that a § 1983 action for damages must always and everywhere be available."  Id.  As in that case, it is also not clear that Petitioner's § 1983 claim would be barred by Heck.  Notably, five Supreme Court Justices believed in Spencer that Heck should not apply at all where the plaintiff has no procedural vehicle to invalidate his earlier conviction, which would avoid the dilemma altogether.  See Spencer, 523 U.S. at 19-20 (Souter, J., concurring); id. at 21 (Ginsburg, J., concurring); id. at 25 n. 8 (Stevens, J., dissenting).

    7.  It is conceivable that Petitioner could have some interest in vacating the previous judgment denying his habeas writ, even if no court could grant him habeas relief.  But this

motion explicitly seeks an order granting Petitioner credit for time served, Petitioner identifies no injury stemming from validity of the prior judgment that could be remedied without also invalidating the length of his sentence, and in any case, this Court has already rejected a prior request by Petitioner for bare vacatur of the previous judgment [Docket Item 60].

8. The final two sentences of Petitioner's motion seek recusal of "NJ Courts" from this action as well as transfer to another jurisdiction because Petitioner contends that his case requires a "fresh perspective."  A demand for a fresh perspective does not justify either recusal or transfer, even if such motions were to be considered when the Court has determined that no federal court has subject matter jurisdiction over the matter.

9. In summary, this Court no longer has either subject matter jurisdiction or statutory jurisdiction to entertain a request for an order directing the Bureau of Prisons to adjust Petitioner's jail credit.  Petitioner's motion for relief under Rule 60(b)(6), Fed. R. Civ. P., will be denied.  The accompanying order will be entered.

**May 12, 2010**                                           **s/ Jerome B. Simandle**
Date                                                      JEROME B. SIMANDLE
                                                             United States District Judge